861 F.2d 267
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Henry F. WRIGHT, Civilian Federal Employee, Plaintiff-Appellant,
v.
The UNITED STATES ARMY AND QUARTERMASTER CENTER AND FORT
LEE; Major General Eugene L. Stillion, Jr., Commander;
John O. Marsh, Jr., Secretary of the United States Army;
Casper W. Weinberger, Secretary of Defense, Defendant- Appellee.
 No. 87-2184.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 29, 1988.
Decided: Oct. 17, 1988.
 
 Paul C. Bland for appellant.
 Robert W. Jaspen (Office of the U.S. Attorney), for appellees.
 Before WIDENER, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Henry Wright appeals the district court order dismissing his action alleging that his Fifth Amendment due process and equal protection rights were violated because the defendants failed to consider the salary he received at a temporary position when calculating the amount due under a retroactive promotion. We affirm.
 
 
 2
 In 1981 Wright was employed with the United States Army Quartermaster Center and Fort Lee (Fort Lee) as a Projection Equipment Repairman as a WG-10, step 2, at a salary of $10.19 per hour. On July 19, 1981, Wright received a temporary promotion to repairer leader as a WL-10, step 4, at a salary of $10.81 per hour; on December 12, 1981, this promotion was made permanent.
 
 
 3
 During the summer of 1981 Wright applied for a promotion to a GS-9 position at a salary of $10.43 per hour. In September 1981, after the position was given to a white male, Wright filed an action alleging discrimination, seeking retroactive promotion to the GS-9 grade. In 1982 the discrimination action was settled granting Wright the promotion to a GS-9 grade retroactive to September 27, 1981, which would include all benefits as if he had been selected for the position in September 1981.
 
 
 4
 When calculating Wright's retroactive award, the defendants looked at the permanent pay rate which Wright was entitled to on September 27, 1981, which was at the WG 10, step 5, rate of $10.19 per hour, although in fact he was holding a temporary assignment at the WL-10, step 4, at a rate of $10.81 per hour.
 
 
 5
 Wright contends that his pay should have been calculated reflective of the WL-10, step 4, higher rate and that the failure to give him the benefits of that temporary position amounts to a taking of a vested property interest, in violation of the Fifth Amendment. The appellees argue that as the WL-10, step 4, was a temporary position lasting fewer than three months, Wright did not have a vested right in that position. The appellees also argue that the personnel regulations prohibit the inclusion of the WL-10, step 4, position.
 
 
 6
 Section 550.805(b) of the Office of Personnel Management Rules and Regulations for the United States Army provides that "[n]o employee shall be granted more pay allowances and differentials ... than he or she would have been entitled to receive if the unjustified or unwarranted personnel action had not occurred." The appellees explain that this type of regulation is necessary to insure equal application of retroactive pay agreements to all employees irrespective of the date the settlement was reached.
 
 
 7
 Although administrative regulations and actions are not entitled to the same presumption of constitutionality as accorded congressional legislation, plaintiffs wishing to challenge the validity of an administrative regulation must establish that the rule is arbitrary and capricious. See Motor Vehicle Manufacturers Assoc. v. State Farm Mutual Automobile Ins., 463 U.S. 29, 43 n. 9 (1983); American Meat Inst. v. United States Dept. of Agric., 646 F.2d 125, 127 (4th Cir.1981); United States v. Boyd, 491 F.2d 1163, 1167 (9th Cir.1973). As Wright has not established that the rule is arbitrary or capricious and as the appellees have demonstrated the necessity of a constant means of calculating retroactive pay awards, the district court was not in error in dismissing the action.
 
 
 8
 Accordingly, we affirm the order of dismissal. Because the facts and legal contentions are adequately developed in the materials before the Court and argument would not significantly aid the decisional process, we dispense with oral argument pursuant to Fed.R.App.P. 34 and Local Rule 34(a).
 
 
 9
 AFFIRMED.